UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AFFINITY GAMING, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TRUSTWAVE HOLDINGS, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 2:15-cv-02464<br><br>**[PROPOSED] STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

The above-named parties, by and through their respective counsel of record, hereby submit their stipulated discovery plan and scheduling order pursuant to Local Rule 26-1(e) for the Court's approval. The proposed schedule set forth below deviates from the Court's standard schedule set forth in Local Rule 26-1(e), by providing a longer period of time by which to conclude discovery. The parties submit that a longer discovery period is appropriate in this case, because, among other reasons, discovery likely will entail the production or inspection, and analysis, of complicated technical electronically stored information involving Plaintiff's Information Technology (IT) data systems, the data security breaches that Plaintiff suffered, and Defendant's and non-parties' investigations of such data and data breaches.

**I.   INITIAL DISCLOSURES**

The parties do not propose any changes to the form of disclosures required pursuant to Federal Rule 26(a).

**II.   DISCOVERY PLAN**

   **A.   Subjects On Which Discovery May Be Needed**

The parties anticipate discovery will be needed on at the least the following subjects:

   1.   Each of Affinity Gaming's claims at issue in this litigation.

   2.   Each of Trustwave's defenses at issue in this litigation.

Because discovery is in its early stages, the parties reserve the right to seek discovery on additional topics if and when warranted by the facts and circumstances of the case.

**B.    Proposed Schedule**

Without waiving any party's right to request an extension of the discovery schedule set forth herein pursuant to Local Rule of Civil Procedure 26-4, the parties agree and propose as follows:

1.    Fed. R. Civ. P. 26(f) Conference:  The parties shall meet and confer regarding the topics set forth in Rule 26(f) on February 26, 2016.

2.    Fed. R. Civ. P. 26(a) Initial Disclosures:  The parties shall exchange Initial Disclosure Statements by March 25, 2016.

3.    Estimate of time required for discovery:  Discovery will commence on February 29, 2016, and will take approximately 11 months.  Accordingly, all discovery shall be completed by January 20, 2017.

3.    Amendment of pleadings and addition of parties:  Unless otherwise stated herein or ordered by the Court, the date for filing motions to amend the pleadings and add parties shall be no later than July 22, 2016.

5.    Disclosure of Expert Witnesses:  In accordance with Fed. R. Civ. P. 26(a)(2), disclosures identifying initial experts shall be made no later than October 21, 2016.  Disclosures identifying rebuttal experts shall be made no later than December 16, 2016.

6.    Dispositive Motions:  Dispositive motions must be filed by February 24, 2017.

7.    Pretrial Order:  If no dispositive motions are filed, the Joint Pretrial Order shall be filed by March 27, 2017.  In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after decision on the dispositive motions or by further order of the Court.

8.    Extensions or Modifications of the Discovery Plan and Scheduling Order:  In accordance with LR 26-4, any stipulation or motion for modification or extension of this discovery

plan scheduling order must be made no later than December 30, 2016.

### III.     ELECTRONICALLY STORED INFORMATION.

The parties are negotiating in an effort to agree upon a protocol for the production and/or inspection of electronically stored information in this matter. However, each party reserves the right to seek entry of an order of the Court for special procedures for the production and/or inspection of electronically stored information to the extent the party believes circumstances require, and each party reserves the right to contest such an application.

### IV.     ISSUES RELATED TO CLAIMS OF PRIVILEGE OR PROTECTION.

The parties are negotiating in an effort to agree upon a protective order concerning confidential and privileged information, which the parties will submit for the Court's approval and entry. However, each party reserves the right to seek entry of a protective order regarding confidentiality and privilege issues to the extent the party believes circumstances require, and each party reserves the right to contest such an application.

### V.     LIMITATIONS ON DISCOVERY

The parties propose no limitations on discovery methods beyond those limitations provided in the Federal Rules of Civil Procedure.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

1  DATED this 11th day of March, 2016.

| OLSON, CANNON, GORMLEY ANGULO & STOBERSKI | REID RUBINSTEIN & BOGATZ |
|---|---|
| By: ___/s/ *Thomas D. Dillard*<br>James R. Olson, Esq.<br>Nevada Bar No. 116<br>Thomas D. Dillard, Jr., Esq.<br>Nevada Bar No. 6270<br>9950 West Cheyenne Avenue<br>Las Vegas, NV 89129 | By: ___/s/ *Charles M. Vlasic III*<br>Scott Bogatz, Esq.<br>Nevada Bar No. 3367<br>Charles M. Vlasic III, Esq.<br>Nevada Bar No. 11308<br>3883 Howard Hughes Parkway, Ste. 790<br>Las Vegas, Nevada 89169 |
| -and- | -and- |
| KIRKLAND & ELLIS LLP<br>Brian P. Kavanaugh (*pro hac vice*)<br>William E. Arnault (*pro hac vice*)<br>Caitlin A. Kovacs (*pro hac vice*)<br>300 North LaSalle<br>Chicago, IL 60654 | STEIN, MITCHELL, CIPOLLONE, BEATO & MISSNER LLP<br>Jonathan L. Missner, Esq. (*pro hac vice*)<br>Robert B. Gilmore, Esq. (*pro hac vice*)<br>1100 Connecticut Avenue, Ste. 1100<br>Washington, D.C. 20036 |
| *Attorneys for Defendant, Trustwave Holdings, Inc.* | *Attorneys for Plaintiff, Affinity Gaming* |

## **ORDER**

IT IS SO ORDERED this ___ day of _____, 2016.

_____

UNITED STATES MAGISTRATE JUDGE