**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AFFINITY GAMING, a Nevada
corporation,

                               Plaintiff,

        vs.

TRUSTWAVE HOLDINGS, INC., a
Delaware corporation,

                               Defendant.

Case No.:  2:15-cv-02464-GMN-PAL

Chief Judge Gloria M. Navarro

**[PROPOSED] STIPULATED AND AGREED F.R.E. 502(D) PROTECTIVE ORDER
GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL
DISCOVERY MATERIAL**

        WHEREAS, it is anticipated by and among counsel for Affinity Gaming ("Affinity") and

counsel for Trustwave Holdings, Inc., (collectively, "Trustwave"), (together, the "Parties"), that,

during the course of this proceeding and/or appeals (this "Action"), the Parties and certain other

persons or entities ("non-Parties") may disclose certain trade, financial, proprietary, business,

personal identifying, commercially sensitive business or technical information, competitive

information, or other confidential business information, the disclosure of which may be harmful

to the commercial and/or security interests of the designating Party or non-Party and that is

deserving of protection under Federal Rule of Civil Procedure 26(c); and

        WHEREAS, this Stipulated and Agreed Federal Rule of Evidence 502(d) Protective

Order Governing the Protection and Exchange of Confidential Discovery Material (the

"Protective Order") is intended to protect the confidentiality of such information while ensuring

that the Parties can obtain and pursue discovery with a minimum of delay and expense, and that

the public interest in open access to court records is properly balanced with the rights of the

Parties and non-Parties in this Action to maintain the confidentiality of highly sensitive

confidential and/or proprietary information;

…

…

REID RUBINSTEIN & BOGATZ
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000  FAX: (702) 776-7900

Accordingly, for good cause shown, pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), the following terms shall govern the handling of all Confidential Material (as defined below) produced or generated in connection with this Action:

## PROTECTIVE ORDER

### I.   PURPOSE

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Moreover, the information likely to be the subject of the disclosure and discovery activity in this action involves unique risks related to privacy, data security, data governance and data management that will likely be greater than in most cases.

### II.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). This includes all documents, ESI, tangible things, testimony, or other information produced or made available in the course of discovery, including, but not limited to: (a) documents produced by a Party or non-Party in response to a request for the production of documents or subpoena; (b) responses to requests for admissions; (c) responses to interrogatories; (d) transcripts of depositions, trial testimony, and excerpts thereof, including exhibits thereto, from Parties or non-Parties to this Action; and (e) other responses or affidavits in connection with discovery requests, motions, or other filings, produced by a Party or non-Party. "Confidential Information or Items" shall specifically include:

a) Confidential Business Information. "Confidential Business Information" shall mean any proprietary document or information relating to the business of a Party or non-Party, which constitutes, reflects, or discloses a trade secret, proprietary data, commercially sensitive business or technical information, or other information which is confidential under applicable law.

REID RUBINSTEIN & BOGATZ
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000 FAX: (702) 776-7900

b) Personal Information. "Personal Information" shall mean:  credit card information, account information, customer credit card or bank records, signature cards, credit card or bank statements, general ledger entries, credit card charge or debit information, and related records or document that contain any names, addresses, account numbers, social security numbers, dates of birth, or other identifying information or personal information (including personal financial information, such as but not limited to credit background information, credit card account information, financial statements and credit reports, business and personal credit card information) protected from public disclosure by statute or regulation or otherwise under applicable law.

c) Documents Protected by Law.  "Documents Protected by Law"  shall mean all documents and information that are confidential and privileged as provided by any federal or state laws, provided they are designated as Confidential Information.

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>"EXPERT RESTRICTED"</u>:  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Materials designated with an additional confidentiality level with respect to Receiving Party's experts pursuant to Section 8.4(a) herein.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to highly sensitive and competitive technical information related to information security and management.

REID RUBINSTEIN & BOGATZ
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000 FAX: (702) 776-7900

2.9     House Counsel: attorneys who are employees of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., document and ESI processing, hosting, review, and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

### III.    NON-WAIVER

The production of documents and information shall not constitute a waiver in this Action, or any other litigation or matter, of any privilege (including, without limitation, the attorney-client privilege and the attorney work product privilege) applicable to the produced materials or for any other privileged or immune materials containing the same or similar subject matter.  This Protective Order encompasses an Order under Federal Rule of Evidence 502(d) that any privilege that may have been raised in documents produced in this Action is not waived as a result of disclosure of those documents in connection with this Action, and this Protective Order governs all persons or entities in all state or federal proceedings, whether or not they were parties

REID RUBINSTEIN & BOGATZ
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000  FAX: (702) 776-7900

to this Action.  The fact of production of privileged information or documents by any Producing Party in this Action shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding.  Without limiting the foregoing, this Protective Order shall not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding.

## IV.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all hard and electronic copies, excerpts, derivations, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party, excluding any information that came into the public domain as a result of a violation of law or of this Order, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise, excluding any information that came into the public domain as a result of a violation of law or of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## V.   DURATION

Even after final disposition of this litigation, the obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

REID RUBINSTEIN & BOGATZ

3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000 FAX: (702) 776-7900

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.   DESIGNATING PROTECTED MATERIAL

6.1   <u>Exercise of Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

6.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 6.2(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party either (i) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection

REID RUBINSTEIN & BOGATZ
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000 FAX: (702) 776-7900

being asserted or (ii) by written notice, sent by Designating Party to all Parties within thirty (30) days after receiving a copy of the transcript thereof, or at the time the errata sheets for such transcripts are provided to the court reporter, whichever occurs earlier; and in both of the foregoing instances, by directing the court reporter that an appropriate confidential legend be affixed to the original and all copies of the transcript.  Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  Correction will be considered timely if made within fourteen (14) days of the Designating Party's discovery of the inadvertent failure to designate.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

REID RUBINSTEIN & BOGATZ
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000 FAX: (702) 776-7900

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging the designation or designations within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, or 28 days following receipt of the written notice, whichever is earlier. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. The material in question shall continue to be afforded the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VIII.   ACCESS TO AND USE OF PROTECTED MATERIAL

8.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be

REID RUBINSTEIN & BOGATZ
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000 FAX: (702) 776-7900

disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

b)   the officers, directors, and employees (including House Counsel) of the Receiving Party or a corporate affiliate of a Receiving Party to whom disclosure is reasonably necessary for this litigation;

c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d)   the court and its personnel;

e)   court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h)   insurers and reinsurers of a Receiving Party to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

i)   any other person who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but only upon order of this Court or with advance written permission of the Designating Party.

REID RUBINSTEIN & BOGATZ
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000  FAX: (702) 776-7900

8.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

b) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d) the court and its personnel;

e) court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

g) any other person who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but only upon order of this Court or with advance written permission of the Designating Party.

8.4 <u>Procedures for Disclosure of "EXPERT RESTRICTED" Information or Items to</u> <u>Experts.</u>

a) A Designating Party may elect to designate Protected Materials marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with the additional designation of "EXPERT RESTRICTED," if the Designating Party believes in good faith that such information or items would cause it significant competitive harm if provided to the Receiving Party's Expert(s) (as defined in this Order).

b) The Receiving Party will not provide copies (either electronically or in hard copy) of Protected Materials the Designating Party has marked "EXPERT RESTRICTED" to the Receiving Party's Expert. Instead, the Receiving Party shall make available to the Expert such information or items for inspection only by means that shall not permit the Expert (or anyone in his employ or acting at his direction) to make, download, or otherwise possess or retain copies of the information or items (during the pendency of the Expert's work or afterwards). Before the Receiving Party may provide copies of "EXPERT RESTRICTED" Materials to the Receiving Party's Expert, the Receiving

REID RUBINSTEIN & BOGATZ
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000 FAX: (702) 776-7900

Party shall inform the Designating Party of the means by which the Receiving Party proposes that its Expert inspect "EXPERT RESTRICTED" Materials.

c) The provisions of this Section 8.4 are without prejudice to the Receiving Party's right to challenge a designation of Protected Materials as "EXPERT RESTRICTED" as set forth in Article VII.

### IX.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (including Protected Materials designated additionally as "EXPERT RESTRICTED").  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

### X.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### XI.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1  <u>Inadvertent Production of Privileged Materials</u>.  In the event that a party asserts that it inadvertently failed to designate any Disclosure or Discovery Information as privileged or work product materials, it shall promptly notify all Parties to whom such privileged material was produced or disclosed of the Producing Party's intent to assert a claim of privilege or work product over such materials.  Upon such notice:

a) If the Receiving Party intends to challenge the designation of the document(s) as privileged material, it shall promptly sequester all copies of the document(s), pending Court resolution of the challenge.  Following notice by the Producing Party, the

REID RUBINSTEIN & BOGATZ
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000  FAX: (702) 776-7900

Receiving Party (i) must not use or disclose the privileged material until the claim is resolved; and (ii) must take reasonable steps to retrieve the privileged material if the Party disclosed it before being notified.  If the Receiving Party intends to challenge the designation of the document(s), it shall move the Court for relief within ten (10) business days following notification by the Producing Party.

b)  If the Receiving Party does not intend to challenge the designation of the document(s) as privileged material, the Receiving Party shall (i) take reasonable steps to retrieve the privileged material if it disclosed or disseminated such information before being notified; and (ii) promptly return or certify destruction of the privileged material, including all copies.  For purposes of this provision, return or certification of destruction of the material shall be considered prompt if it occurs within seven (7) days of notification.

11.2    <u>Re-production of Electronic Media Containing Privileged Material</u>.  Where the Parties agree, or the Court orders, that inadvertently produced material is protected by the attorney-client, work product, or other privilege, and such material was originally produced in electronic format on media containing production materials, the Producing Party shall promptly provide replacement production media, omitting the privileged material, to the Receiving Party.

11.3    <u>Identification of Inadvertently Disclosed Privileged Material by the Receiving Party</u>.  Nothing in this Protective Order shall relieve counsel for the Receiving Party of any existing duty or obligation to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so.  Rather, in the event a Receiving Party becomes aware that it is in possession of what appears to be inadvertently produced privileged material, then the Receiving Party shall immediately (i) cease any further review of that material; and (ii) notify the Producing Party of the apparent inadvertent production, requesting whether the Producing Party intended for the material to be produced.  In the event the Producing Party confirms the inadvertent production of the privileged material, the Receiving Party shall (i) take reasonable steps to retrieve the privileged material from any persons to whom it disclosed or distributed such material and (ii) promptly return or certify destruction of the privileged material, including all copies.  For purposes of this provision, return or certification of destruction of the material shall be considered prompt if it occurs within seven (7) days of notification.

## XII.    MISCELLANEOUS

12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

REID RUBINSTEIN & BOGATZ
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000 FAX: (702) 776-7900

12.2   <u>Reservation of Rights.</u>  The Parties do not waive any privilege or right, including, but not limited to, the attorney-client privilege and work product doctrine, concerning any documents or information produced pursuant to this Order.   Further, neither agreeing nor complying with this Order, nor producing or receiving Protected Material shall prejudice in any way the rights of:

a) Any Party or non-Party to object to the production of documents it considers privileged or otherwise not subject to discovery, or operate as an admission by any Party or non-Party that the restrictions and procedures set forth in this Order constitute adequate protection for any information deemed by any Party to be Protected Material;

b) Any Party to object to the authenticity or admissibility into evidence of any documents, testimony, or other evidence subject to this Order;

c) A Party or non-Party to seek a determination by the Court of whether any Protected Material should be subject to the terms of this Order; and

d) A Party or non-Party to petition the Court for a further protective order relating to any purportedly confidential information.

12.3   <u>Filing Protected Material.</u>

a) All materials of any nature that have been designated as Protected Material and that are filed with the Court, and any briefs or other papers that disclose information that has been obtained from Protected Material shall be filed with the Court under seal and remain under seal until such time as the Court orders otherwise.

b) In the event that the undersigned counsel for a Party determines in good faith that counsel needs to submit "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the Court (whether in connection with a motion, as an exhibit at trial, or otherwise), undersigned counsel shall first provide the Designating Party with notice of the filing no less than three (3) business days in advance, to enable the Designating Party to seek additional protections from the Court at its discretion.

12.4   <u>A Party's Own Documents and Materials.</u>  Nothing in this Order shall prevent a Party or non-Party from using its own Protected Material for any purpose.  Nothing in this Order shall be construed to prevent a producing Party or non-Party who has designated material as Protected Material from agreeing to release any such material or information from the requirements of this Order, and if it decides to do so, it shall notify the other Party or the Parties in writing.  A Designating Party or non-Party's rights pursuant to this Order may only be waived by a writing clearly evidencing intent to waive such rights.

…

…

REID RUBINSTEIN & BOGATZ

3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000  FAX: (702) 776-7900

XIII.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in section 5, each Receiving Party must return all Protected Material to the Producing Party or securely destroy or delete such material with a written certification of such secure destruction or deletion of Protected Material. As used in this subdivision, "all Protected Material" includes all hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed or deleted, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned, destroyed or deleted and (2) affirms that the Receiving Party has not retained any hard and electronic copies, abstracts, derivations, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 5 (DURATION).

WHEREFORE, the terms and conditions of this Stipulation and Protective Order are hereby consented to by:

[SEE FOLLOWING SIGNATURE PAGE]

REID RUBINSTEIN & BOGATZ
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000 FAX: (702) 776-7900

DATED this 31st day of March, 2016.

OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI

By:____/s/ Thomas D. Dillard
James R. Olson, Esq.
Nevada Bar No. 116
Thomas D. Dillard, Jr., Esq.
Nevada Bar No. 6270
9950 West Cheyenne Avenue
Las Vegas, NV 89129

-and-

KIRKLAND & ELLIS LLP
Brian P. Kavanaugh (pro hac vice)
William E. Arnault (pro hac vice)
Caitlin A. Koyacs (pro hac vice)
300 North LaSalle
Chicago, IL 60654

Attorneys for Defendant, Trustwave
Holdings, Inc.

REID RUBINSTEIN & BOGATZ

By:____/s/ Charles M. Vlasic_____
Scott Bogatz, Esq.
Nevada Bar No. 3367
Charles M. Vlasic III, Esq.
Nevada Bar No. 11308
3883 Howard Hughes Parkway, Ste. 790
Las Vegas, Nevada 89169

-and-

STEIN, MITCHELL, CIPOLLONE, BEATO &
MISSNER LLP
Jonathan L. Missner, Esq. (pro hac vice)
Robert B. Gilmore, Esq. (pro hac vice)
1100 Connecticut Avenue, Ste. 1100
Washington, D.C. 20036

Attorneys for Plaintiff, Affinity Gaming

## **ORDER**

IT IS SO ORDERED this __6th__ day of __April_____, 2016.

_____
UNITED STATES MAGISTRATE JUDGE