**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AFFINITY GAMING, a Nevada corporation,

    Plaintiff,

vs.

TRUSTWAVE HOLDINGS, INC., a Delaware corporation,

    Defendant.

Case No.: 2:15-cv-02464-GMN-PAL

Chief Judge Gloria M. Navarro

**STIPULATION GOVERNING THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS**

WHEREAS, it is anticipated by and among counsel for Affinity Gaming ("Affinity") and counsel for Trustwave Holdings, Inc., ("Trustwave"), (together, the "Parties"), that, during the course of this proceeding and/or appeals (this "Action"), the Parties and certain other persons or entities ("non-Parties") are likely to produce electronically stored information ("ESI") in response to requests for documents and subpoenas; and

WHEREAS, this Stipulation Governing the Production of Electronically Stored Information and Paper Documents is intended to govern the format in which ESI, as well as hard copy documents and data, are to be produced in the Action;

Accordingly, for good cause shown, pursuant to Federal Rules of Civil Procedure 26 and 34, the following terms shall govern the handling of all documents and data produced or generated in connection with this Action:

1. **General Format of Production**. The Parties shall produce documents either (i) as electronic images with associated text files, metadata, and objective coding, or (ii) in native format, as further described herein.

2. **ESI Production**. With respect to production of reasonably accessible ESI:

…

…

REID RUBINSTEIN & BOGATZ
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
(702) 776-7000  FAX: (702) 776-7900

a. E-mail will be produced as image files with related searchable text, metadata (to the extent it exists) and bibliographic information, as described in the Metadata & Requested Field Names set forth in the table below.

b. Electronic documents including word-processing documents, spreadsheets, presentations and all other non-database electronic documents not specifically discussed elsewhere in this Stipulation will be produced as image files with related searchable text, metadata (to the extent it exists) and bibliographic information as described in the Metadata & Requested Field Names except for:

   i. Excel files will be produced in native format with related searchable text, metadata (to the extent it exists) and bibliographic information;

   ii. PowerPoint files will be produced in native format with related searchable text, metadata (to the extent it exists) and bibliographic information;

   iii. Access databases will be produced in native format with related searchable text, metadata (to the extent it exists) and bibliographic information;

   iv. Other types of files that do not image properly (*e.g.,* audio or video files) will be produced in native format;

   v. The parties shall meet and confer to agree on the form of production of ESI (*e.g.* proprietary or unique databases) other than the foregoing.

c. If specialized software that is not generally commercially available is required to access any produced ESI, the Parties shall make available such ESI for inspection through their own respective electronic systems.

d. Any ESI that Trustwave reviewed, inspected and/or collected from Affinity Gaming during the course of Trustwave's engagement shall, to the extent feasible, be produced in the same form as it existed when collected.

e. Any ESI that Mandiant or any other third-party reviewed, inspected and/or collected from Affinity Gaming shall, to the extent feasible, be produced in the same form as it existed at the time of review, inspection and/or collection.

3. **Hard Copy (or Paper) Documents**. The Parties shall produce hard-copy documents as image files with related OCR text to the extent such documents are converted into electronic format. All hard-copy documents shall be converted into electronic images for production purposes.

4. **Form and Manner of Production**. All production document images will be provided as single-page Tagged Image File Format ("TIFFs" or ".tiff format"). All images generated from hard copy documents shall be scanned as black and white images at 300 DPI resolution and shall be saved and produced in a Group 4 compression single-page "TIFF" format and reflect, without visual degradation, the full and complete information contained on the original document. The Parties shall produce a "load file" that is compatible with a commercially available document management software, such as Concordance or Relativity, to accompany the images, which load file shall include information about where each document begins and ends to facilitate the use of the produced images through a document management or litigation support database system.

5. **Document Unitization**. The Parties shall apply unitization practices consistent with the following description. Each page of a hard copy document shall be scanned into an image and if a document is more than one page, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file. For documents that contain affixed notes, the pages will be scanned both with and without the notes and those pages will be treated as part of the same document. The relationship of documents in a document collection (e.g., cover letter and enclosures, email and attachments, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process. If more than one level of parent-child relationship exists, documents will be kept in order, but all will be treated as children of the initial parent document. Such information shall be produced in the load file, as hereafter defined, in a manner to enable the parent-child relationship among documents in a document collection to be reconstituted by the receiving party in commercially available document management software, such as Concordance or Relativity.

6. **Color**. Where an original document contains color, the Parties shall honor reasonable requests for the production of a color image of the document.

7. **De-Duplication**. Where a single document has more than one identical copy of a document (i.e., the documents are visually the same and contain the same electronic text), the Parties need only produce a single copy of that document; however, the production load file for that single copy must indicate all custodians/locations from which identical copies of that document existed and were collected prior to de-duplication. ESI may be de-duplicated across custodians using industry standard hash values. If a duplicate document exists that is part of a document family, the duplicate will only be removed, pursuant to the terms of this paragraph, if the entire family is removed as a duplicate, i.e. a single document will not be removed from a family even if it is a duplicate.

8. **Bates Numbering**. The Parties shall produce imaged documents with a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document. No other legend or stamp will be placed on the document image other than a confidentiality legend (consistent with any confidentiality protective orders agreed to in the future), redactions (where applicable) and the Bates Number identified above. Any confidential legend shall be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document. With respect to the identification of files produced in their native format, the Bates Number and confidentiality designations, if any, shall be included in the load file accompanying the production of such native files. Bates Numbered slip sheets shall be provided for each native file produced.

9. **File Naming Conventions**. Each page image file shall be named with the unique Bates Number of the page of document, followed by the extension ".TIF". In the event the Bates Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

10. **Production Media**. The Parties shall produce documents on CD-ROM, DVD, external hard drive, an FTP or similar type site, or such other readily accessible computer or

1  electronic media (the "Production Media").  Each piece of Production Media shall identify a
2  production number corresponding to the production volume (e.g., "-001"; "-002").
3  Additional information that shall be identified on the Production Media or in an
4  accompanying letter or email shall include: (1) the case number of the case in which it is
5  produced, (2) the producing party's name, and (3) the production date.  The type of materials
6  on the media (e.g., "Documents", "OCR Text", "Objective Coding", etc.) and the Bates
7  Number range(s) of the materials on the Production Media shall also be contained on the
8  Production Media, and where not practicable to do so may be provided in an accompanying
9  letter.

10  11. **Meta-Data and Objective Coding**. The Parties shall produce associated metadata and
11  objective coding consistent with the description set forth below.

12  12. **OCR/Extracted Text**. The Parties shall produce corresponding Optical Character
13  Recognition ("OCR") text files for all hard-copy documents and any electronic documents
14  that require redaction prior to production.  For documents that exist natively in electronic
15  format that have not been redacted and that are produced as images, the Parties shall produce
16  extracted text files reflecting the full text that has been electronically extracted from the
17  original, native electronic files.  The OCR and extracted text files shall be produced in ASCII
18  text format and shall be labeled and produced on Production Media in accordance with the
19  provisions of paragraph 10. These text files will be named with the unique Bates Number of
20  the first page of the corresponding document followed by the extension ".txt." The OCR and
21  extracted text files shall be produced in a manner suitable for importing the information into
22  commercially available document management or litigation support software such as
23  Concordance.

24  13. **Decryption.**   The Parties shall take reasonable efforts to ensure that all documents
25  produced in native format are decrypted.

26  …
27  …
28  …

## **METADATA AND REQUESTED FIELD NAMES**

| Field Name | Field Description | Email/ Calendar Items | Other ESI | Hard Copy |
|---|---|---|---|---|
| Custodian / Source | Name of custodian(s) or source(s) from which documents/ESI were obtained | X | X | X |
| Doc ID | Unique value for the document | X | X | X |
| Beg Doc# | Start Bates Number (including prefix) | X | X | X |
| End Doc # | End Bates Number (including prefix) | X | X | X |
| Number of Pages | Page count | X | X | X |
| Parent ID | Parent's Start Bates Number (including prefix); only parent/child files | X | X | X |
| Attach ID | Child/children Start Bates Number (including prefix) for each child. This field will be blank if the record is a stand-alone document. | X | X | X |
| Record Type | Email, Email attachment, E-Doc; E-Doc attachment, Calendar Appointment etc. | X | X | X |
| Confidentiality | Confidentiality Designation | X | X | X |
| MD5/SHA1 Hash | Document MD5 or SHA1 has value | X | X | |
| From | Author of email or calendar item | X | | |
| To | Names of recipients of the email | X | | |
| CC | Names of individuals copied on the email | X | | |
| BCC | Names of individuals blind copied on the email | X | | |

| | | | | |
|---|---|---|---|---|
| Subject | Email or calendar subject | X | | |
| Sent Date | Date email was sent (format YYYYMMDD) | X | | |
| Time Sent | Time email was sent (format YYYYMMDD) | X | | |
| Received Date | Date email was received (format YYYYMMDD) | X | | |
| Time Received | Time email was received | X | | |
| Author | Author value extracted from file metadata | | X | |
| Last Author | Name of last author to modify the document | | X | |
| File Name | File name of native document | X | X | |
| Doc Title/Subject | Subject field value extracted from file metadata | | X | |
| File Extension | File extension of native file (format YYYYMMDD) | X | X | |
| File Create Date | Date native file was created (format YYYYMMDD) | | X | |
| File Last Modified Date | Date native file was last modified (format YYYYMMDD) | | X | |
| File Path | File path to native file as it existed in original environment | X | X | |

[SEE FOLLOWING SIGNATURE PAGE]

DATED this 31st day of March, 2016.

| | |
|---|---|
| OLSON, CANNON, GORMLEY ANGULO & STOBERSKI<br><br>By: ___/s/ *Thomas D. Dillard*___<br>James R. Olson, Esq.<br>Nevada Bar No. 116<br>Thomas D. Dillard, Jr., Esq.<br>Nevada Bar No. 6270<br>9950 West Cheyenne Avenue<br>Las Vegas, NV 89129<br><br>-and-<br><br>KIRKLAND & ELLIS LLP<br>Brian P. Kavanaugh (*pro hac vice*)<br>William E. Arnault (*pro hac vice*)<br>Caitlin A. Kovacs (*pro hac vice*)<br>300 North LaSalle<br>Chicago, IL 60654<br><br>*Attorneys for Defendant, Trustwave Holdings, Inc.* | REID RUBINSTEIN & BOGATZ<br><br>By: ___/s/ *Charles M. Vlasic*___<br>Scott Bogatz, Esq.<br>Nevada Bar No. 3367<br>Charles M. Vlasic III, Esq.<br>Nevada Bar No. 11308<br>3883 Howard Hughes Parkway, Ste. 790<br>Las Vegas, Nevada 89169<br><br>-and-<br><br>STEIN, MITCHELL, CIPOLLONE, BEATO & MISSNER LLP<br>Jonathan L. Missner, Esq. (*pro hac vice*)<br>Robert B. Gilmore, Esq. (*pro hac vice*)<br>1100 Connecticut Avenue, Ste. 1100<br>Washington, D.C. 20036<br><br>*Attorneys for Plaintiff, Affinity Gaming* |

    IT IS SO ORDERED.

    IT IS FURTHER ORDERED that counsel shall comply with the requirements of LR 6-2 governing the required form of order for stipulations, *ex parte*, or unopposed motions in any future application for relief from the court.

    Dated: April 6, 2016

_____
Peggy A. Leen
United States Magistrate Judge